UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

**UNITED FOOD AND COMMERCIAL WORKERS**
**INTERNATIONAL UNION-INDUSTRY PENSION FUND,**
an employee benefit Fund;
and **JOHN A. WAGNER** and **ANTHONY M. PERRONE,**
in their capacities as Fund Trustees,

                **Plaintiffs,**

                vs.                Civil Action No.

**MATEKER'S GOURMET MEAT**
**SHOP, INC.,** a Missouri Corporation,
doing business as **MATEKER'S**
**MARKET** and **MATEKER'S MEAT**
**& CATERING,**

                **Defendant.**
_____

## COMPLAINT
_____

      Plaintiffs United Food and Commercial Workers International Union-Industry Pension Fund (the "Pension Plan") and two representatives of its Board of Trustees, John A. Wagner and Anthony M. Perrone, by their attorneys, Reinhart Boerner Van Deuren s.c., for their complaint against defendant Mateker's Gourmet Meat Shop, Inc., formerly doing business as Mateker's Market and Mateker's Meat & Catering ("Mateker's"), state as follows:

      1.    This is an action by an employee benefit plan and its representative Trustees to collect delinquent withdrawal liability payments owed to it as required by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

2. This is also an action to compel a final audit of Mateker's books and records to ensure the employer has properly paid all fringe benefit contributions to the Pension Plan on behalf of all eligible participants.

## PARTIES

3. The Pension Plan is a multiemployer pension plan within the meaning of ERISA §§ 3(2)(A), 3(3) and 3(37), 29 U.S.C. §§ 1002(2)(A), 1002(3) and 1002(37). The Pension Plan is established and maintained pursuant to § 302(c)(5) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 186(c)(5). The Pension Plan is jointly administered in Mokena, Illinois by the Pension Plan's Board of Trustees. The Board of Trustees is composed equally of representatives of employers and employees and serves as "Plan sponsor" and "administrator" of the Pension Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

4. Plaintiffs John A. Wagner and Anthony M. Perrone serve on the Board of Trustees on behalf of the Pension Plan. Mr. Wagner and Mr. Perrone each qualify as a "fiduciary" with respect to the Pension Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

5. Upon information and belief, Mateker's Gourmet Meat Shop Inc. is a Missouri corporation doing business as Mateker's Market and Mateker's Meat & Catering in the St. Louis, Missouri area. Mateker's had been a participating employer in the Pension Plan until its withdrawal from the Pension Plan.

6. Upon information and belief, there may be other trades or businesses under common control with Mateker's within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1391(b)(1). Plaintiffs may add these entities as defendants in this action.

## JURISDICTION AND VENUE

7. The Court has jurisdiction to hear this matter pursuant to ERISA §§ 502, 515 and 4301(c), 29 U.S.C. §§ 1132, 1145 and 1451(c).

8. Venue is proper in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Pension Plan is administered in the Northern District of Illinois, Eastern Division and breaches giving rise to this action took place in this district.

### COUNT ONE:

### DEFENDANT'S VIOLATION OF ERISA §§ 4219(c)(2) AND 4221(d)

9. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 8, above, as if set forth fully herein.

10. Defendant Mateker's participated in the Pension Plan pursuant to collective bargaining agreements between the United Food & Commercial Workers Union Local ("Union") and Mateker's. Mateker's was an "employer" with respect to the Pension Plan within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1). Mateker's collective bargaining agreement with the Union required that it contribute to the Pension Plan on behalf of eligible employees. Mateker's most recent collective bargaining agreement with the Union is effective October 1, 2017 through September 30, 2020. A true and correct copy of the most recent collective bargaining agreement is attached hereto as **Exhibit A**. Mateker's also signed an Employer Participation Agreement with the Pension Plan on June 20, 2008, agreeing to make contributions to the Pension Plan for work performed by employees of Mateker's covered under the collective bargaining agreement. A true and correct copy of the Employer Participation Agreement is attached hereto as **Exhibit B**.

11. Mateker's experienced a permanent cessation of covered operations under the Pension Plan within the meaning of ERISA § 4203(a)(2), 29 U.S.C. § 1383(a)(2), on or about June 30, 2018, a date confirmed in a Withdrawal Liability Questionnaire from Charles Mateker received by the Pension Plan on August 31, 2018.

12. The Pension Plan's Board of Trustees determined that Mateker's had experienced a complete withdrawal within the meaning of ERISA § 4203, 29 U.S.C.

§ 1383, in the Plan Year ending June 30, 2018 and that Mateker's be assessed withdrawal liability for a complete withdrawal.

13. Article XII of the Pension Plan document, attached hereto as **Exhibit C**, and the terms of the Pension Plan's Assessment of Employer Withdrawal Liability Procedure ("Withdrawal Liability Procedure"), attached hereto as **Exhibit D**, provide that an employer's complete withdrawal liability shall be calculated pursuant to the rolling-five method identified at ERISA § 4211(c)(3), 29 U.S.C. § 1391(c)(3).

14. Based on the calculation by the Pension Plan's actuaries, Mateker's was assessed total withdrawal liability in the amount of $92,172, to be paid in a lump sum or in 80 quarterly payments, each in the amount of $1,220, with the first quarterly payment due on November 1, 2018.

15. Pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1), the Pension Plan Manager, on behalf of the Board of Trustees, notified Mateker's in an October 22, 2018 letter to Charles Mateker of Mateker's that the Trustees determined that Mateker's experienced a complete withdrawal from the Pension Plan in the Plan Year ending June 30, 2018, and advised Mateker's of the amount of its liability and its installment schedule for liability payments ("Assessment Letter"). A true and correct copy of the Assessment Letter is attached hereto as **Exhibit E**. The Assessment Letter demanded that Mateker's, and all other trades and businesses under common control with Mateker's, pay its assessed withdrawal liability in the amount of $92,172 in 80 quarterly payments of $1,220, with the first quarterly payment due on November 1, 2018. The Assessment Letter advised that if any installment payment is not made when due, interest on the payment would accrue from the due date until the date on which the payment is made. The Assessment Letter further advised that the Pension Plan assesses interest on delinquent payments at 2% above the prime rate charged by the Pension Plan's depository bank as of each January 1 and July 1, and that delinquent withdrawal liability payments are subject to the Pension Plan's Delinquency Collection Policy.

16. Mateker's failed to make its first scheduled payment of $1,220 to the Pension Plan, the quarterly installment due on November 1, 2018.

17. In a letter to Mr. Mateker dated November 13, 2018, the Delinquency Coordinator of the Pension Plan advised Mateker's that it had not received the first quarterly installment and requested immediate payment of the balance due ($1,220) plus assessed interest charges ($5.85), to be made no later than November 27, 2018.

18. Neither Mateker's nor any trade or business under common control with Mateker's paid the $1,220 by the deadline of November 27, 2018. The Board of Trustees subsequently declared a default under ERISA § 4219(c)(5)(B), 29 U.S.C. § 1399(c)(5)(B) and sections 7(b) and 7(c) of the Withdrawal Liability Procedure and directed that a collection action be initiated against Mateker's and all other trades or businesses under common control with Mateker's.

19. Mateker's did not submit a request for review to the Pension Plan within 90 days of receiving the Assessment Letter, as provided under ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A). Mateker's also has never advised the Pension Plan of its desire to initiate arbitration.

20. ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), provides that withdrawal liability shall be payable in accordance with the installment schedule set forth in paragraph 15 above "beginning no later than 60 days after the date of demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule."

21. ERISA § 4221(d), 29 U.S.C. § 1401(d), provides that even in cases where a request for review and arbitration are initiated by a withdrawn employer, payments shall be made by the employer in accordance with the installment schedule set forth in paragraph 14 above "until the arbitrator issues a final decision with respect to the determination submitted for arbitration." Courts have characterized the requirements

5

imposed by ERISA §§ 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1391(c)(2) and 1401(d), as a "pay now, dispute later" obligation.

22. Here, Mateker's has not initiated arbitration in this matter pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a), and, consequently, no arbitrator has issued a final determination modifying the Pension Plan's withdrawal liability assessment.

## CLAIM FOR RELIEF

23. Plaintiffs reallege and incorporate the allegations of paragraphs 9 through 22, above, as if set forth fully herein.

24. As a result of its failure to make its withdrawal liability payments in accordance with the Assessment Letter's payment schedule, Mateker's has violated ERISA §§ 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1399(c)(2) and 1401(d).

25. ERISA § 4301(b), 29 U.S.C. § 1451(b), provides that any failure of an employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515, 29 U.S.C. § 1145.

26. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), requires that, upon entry of judgment in favor of a plan to enforce ERISA § 515, the Court shall award the plan the unpaid contributions, interest on the unpaid contributions, 20% liquidated damages and attorneys' fees and costs incurred in recovering the outstanding withdrawal liability payments.

27. ERISA § 4219(c)(5)(B), 29 U.S.C. § 1399(c)(5)(B) provides that a failure to make a withdrawal liability payment is considered a "default" if "any other event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability." Sections 8(b)(iii) and 8(c) of the Withdrawal Liability Procedure define such an event, among other things, as "Negotiations by the Employer for the sale of all or substantially all of its assets" and

6

"Circumstances [that] exist which in the judgment of the Trustees impair the credit standing of the Employer."

28. The Pension Plan has identified the following events that deem immediate default and acceleration of withdrawal liability due: (a) the sudden closing of Mateker's in St. Louis, Missouri on June 30, 2018 http://www.callnewspapaers.com/matekers-meat-catering-closes-its-doors-saturday/ and written confirmation on August 31, 2018 of the closing of the store by Charles Mateker to the Pension Plan; and (b) Westlaw Experian Business Credit Report concluding "medium - high risk of serious credit delinquencies within the next 12 months."

29. In the event of a default, the Board of Trustees may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of withdrawal liability from the due date of the first payment which was not timely made.

30. Section 4219.33 of the Pension Benefit Guaranty Corporation's regulations, 29 C.F.R. § 4219.33 provides that that the Pension Plan may adopt rules for determining the rate of interest to be charged on defaulted withdrawal liability. The Board of Trustees has adopted such rules in the Withdrawal Liability Procedure.

31. Pursuant to ERISA § Section 4001(b)(1), 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder, each member of a contributing employer's control group is jointly and severally liable for the entire assessed withdrawal liability incurred by any member of the control group.

32. Pursuant to ERISA §§ 4001(b)(1), 4219(c)(2), 4221(d) and 4301, 29 U.S.C. §§ 1301(b)(1), 1399(c)(2), 1401(d) and 1451, Defendant, as well as each member of the potential control group, are jointly and severally liable for the $92,172 withdrawal liability payment due, 20% liquidated damages, interest, and attorneys' fees and costs incurred by the Pension Plan in recovering the withdrawal liability payment.

7

**COUNT TWO: BREACH OF TRUST AGREEMENT RULES (AUDIT)**

33. The Pension Plan realleges each and every allegation contained in Paragraphs 1 through 32 above and incorporates the same as though fully set forth herein.

34. Mateker's is a party to and bound by the Trust Agreement of the Pension Plan. The Trust Agreement obligates Mateker's to make timely contribution payments to the Pension Plan as required by the Agreement. A true and correct copy of the Trust Agreement is attached hereto as **Exhibit F**.

35. Mateker's is a party to and bound by the Employer Participation Agreement it signed with the Pension Plan on June 20, 2008. The Employer Participation Agreement obligates Mateker's to make contributions to the Pension Plan on behalf of all of its full-time employees after one year of service.

36. Mateker's has refused to submit to a standard close-out audit by the Pension Plan's professionally contracted auditors for the period of January 1, 2017 through the date of its closing despite the Pension Plan's authority to perform such an audit and, as such, potential additional amounts due the Pension Plan are unknown.

37. Due demand has been made upon Mateker's for access to its books and records to perform an audit in order to determine the potential amounts due and owing the Pension Plan, including a certified letter, dated November 7, 2018, from the Pension Plan and its auditor, but Mateker's has ignored all said requests.

**WHEREFORE**, Plaintiffs request judgment:

A. Ordering defendant to pay the Pension Plan the amount of $92,172, representing the delinquent withdrawal liability payment owed to the Fund;

B. Ordering defendant to pay the Pension Plan interest and liquidated damages pursuant to ERISA §§ 502(g)(2) and 4219(c)(5), 29 U.S.C. §§ 1132(g)(2), 1399(c)(5), and pursuant to the terms of the Pension Plan's Assessment of Employer Withdrawal Liability Procedure;

C. Ordering Mateker's to submit to an audit of the company's books and records by the Pension Plan's designated auditor for the period January 1, 2017 to June 30, 2018.

D. Ordering Defendant to pay the Pension Plan for any unpaid contributions, interest liquidated damages discovered by the close out audit covering the period January 1, 2017 to June 30, 2018.

E. The Court should retain jurisdiction pending compliance with its orders.

F. Awarding the Pension Plan expenses of collection, including awarding the Pension Plan an amount equal to reasonable attorneys' fees and actual costs of this action; and

G. Awarding such other and further equitable and legal relief as the Court shall deem appropriate.

Dated this 11th day of April, 2019.

s/ *L. Katie Mason*
IL Bar ID No. 6290145
kmason@reinhartlaw.com
Philip R. O'Brien
WI Bar ID No. 1015549
pobrien@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street
Suite 1700
Milwaukee, WI 53202-3186
Tel. 414-298-1000
Fax. 414-298-8097

41211619